J. M. RYAN ET AL. *v.* MISSISSIPPI VALLEY AND SHIP ISLAND RAILROAD COMPANY.

1. RAILROAD COMPANY. *Right of way acquired by adverse possession. Extent thereof.*

A railroad company may acquire a right of way by adverse possession for ten years, the period prescribed by statute for the acquisition of title by adverse possession, but the right of way thus acquired is limited to the company's actual occupancy where there is no paper title to extend its possession by construction.

2. SAME. *Occupation of right of way. Extent of possession.*

And where the railroad company's actual occupancy in such case is limited in breadth to two ditches on either side of its road-bed, they must be taken as the extent of its possession.

Statement of the case.

3. SAME.  *Right of way extended.  Liability for damages.*
    If the railroad company should, by cutting down the outer banks of the ditches
    which limit its possession, as above stated, widen them, it will be liable to
    the owner of the land for the damages to him resulting from such widening,
    if he bring suit therefor within six years after the accrual of his right of
    action.

4. SUPREME COURT PRACTICE.  *Where error apparent, but not pointed out.*
    Where the record in a case appealed to this court discloses error in instructions
    which were properly excepted to, and the action of the court in respect
    thereto is called in question by the assignment of errors, this court will de-
    cide the question, even though it was not specifically presented either in the
    court below or in this court.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

This is an action by J. M. Ryan and others against the Missis-
sippi Valley and Ship Island Railroad Company to recover dam-
ages for the appropriation by the defendant for a right of way of a
strip of land belonging to the plaintiffs.  The pleas of the defend-
ant set up the six years' statute of limitations as a bar to the action,
and also claimed a right of way by adverse possession for the pe-
riod of ten years.  The plaintiffs' ownership of the land was not
disputed.  The evidence showed these facts:  More than ten years
before the commencement of the action the defendant constructed
its road across the plaintiffs' land, and in doing so threw up a road-
bed and made a ditch on either side thereof.  The defendant insti-
tuted a proceeding for the condemnation of the right of way over
the land of the plaintiffs and prosecuted the same to judgment, but
owing to irregularities in the proceeding the judgment was void,
and the record of such proceeding was admitted in evidence only
to show color of title in the defendant.  Within six years before
the institution of this action the defendant enlarged its road-bed on
plaintiffs' land and widened the ditches originally made along
either side of the road, but whether the widening cut the inner or
outer banks, or both, does not appear by the evidence.  Other facts
proven are stated in the opinion of the court.

The court gave six instructions for the defendant, to the giving
of all of which the plaintiffs excepted, and in this court assign the

action of the court below in giving such instructions as error. The nature of these instructions is sufficiently indicated in the opinion of the court.

*H. C. McCabe,* for the appellants.

If we examine the elements of a title by prescription according to the books, we will see at a glance that defendant failed to establish its claim to such title. The elements of a title by prescription are, (1) actual possession ; (2) adverse possession ; (3) under claim of the fee ; (4) with the knowledge and acquiescence of the true owner ; (5) uninterruptedly continued ; (6) for ten years. Angell Lim. 415 ; 35 Miss. 490 ; Angell Lim. 416, 423, 446 ; 5 Peter 402 ; Ib. 410.

The possession must be "*actual*" in the sense that it must be real, in contradistinction to a constructive or imaginary possession. It must be a *possessio pedis.* It must be " *adverse*" in the sense that it is to the exclusion of the real owner. That the claim must be of the *fee* is quite clear, both from the meaning of the word and from the context. The language of the code is claiming to be the " owner." The *owner* of a thing is the possessor of the title, and not of a less estate. 60 Miss. 155 ; 60 Miss. 690 ; see also Angell Lim. 400.

I am aware that the statute does not say the *actual adverse* possession must be with the " knowledge and acquiescence " of the owner, but such is its clear inference and such has been the universal rule of decision upon statutes of this character. Angell Lim. 398 ; Wood's Lim. ; Angell Lim. 427 ; 52 Miss. 487 ; 10 Ga. 737. The kind of possession spoken of must have been " uninterruptedly continued " in the sense that it must not have suffered any substantial break or interruption during the entire period of ten years. This is the language of the code itself. But see the following authorities on same point. *Benson* v. *Stewart,* 30 Miss. 50.

It is well understood that there is in this State no statute or semblance of a statute authorizing the acquiring of an easement by prescription. We are bound, therefore, to look to the common law for our authority to establish and declare one. It is conceded

that the common law, or rather such portions of it as are applicable to our institutions, has been adopted and made a part of the jurisprudence of our State.  This fact is established by a reference to our decisions.   1 S. & M. 562; 42 Miss. 1; 44 Miss. 322; 3 Geo. 650.
· It is difficult to see how the doctrine of prescription as to easements could be applicable to our institutions.   Unless it clearly appears so the court cannot adopt it, even though it was recognized as a part of the common law of England prior to the Revolution. *Cortelin* v. *Brandt*, 3 Am. Dec. 439 ; *Cooper* v. *Smith*, 11 Am. Dec. 658, are cases in point, and the note to the last case is decisive of the case under consideration.   These cases hold that an easement cannot be acquired by prescription, and the decisions are based upon grounds applicable to this State.

But if it is held that an easement can be acquired by prescription in this State, notwithstanding the doctrine was not a part of the common law of England prior to the Revolution, and that it is applicable to our institutions, then I contend it must be adopted with all its elements as known to that common law.   Two of these elements I call particular attention to, because either are decisive of this case, viz. : (1) The user must have been for *twenty years ;* (2) this user must have been begun by grant.   Authorities are not needed to support these two positions, but they may be found in the cases already cited.

*Murray F. Smith*, for the appellee.

Can a railroad acquire a right of way or an easement by adverse possession?   While the statutes of Mississippi do not in terms mention an easement, yet by analogy or in accordance with the settled doctrine on this question, the ten years in which title will be acquired will also give an easement.

It has been uniformly held in this country that the period for quieting titles to land will be deemed and taken as the period for acquiring an easement.   See Washburn on Easements, top page 122 ; *Polly* v. *McCall*, 37 Ala. 29 ; *Sherwood* v. *Burr*, 4 Day (Conn.) 244; *Perkins* v. *Central R. R.*, 72 Me. 95 ; 3 McCrary's Cir. Ct. Reps. 586 ; *McLenon* v. *A. & W. P. R. R.*, 46 Ga. 293, and especially on p. 296.

CAMPBELL, C. J., delivered the opinion of the court.

The railroad company acquired the right of way by adverse possession for ten years, but its right was limited to its actual occupation, since there was no paper title to extend its possession by construction. Neither in the petition nor other part of the proceedings for condemnation of the right of way is there any indication of the bounds of the proposed right of way or the quantity of land to be appropriated. To the extent of its actual occupation the defendant was protected against the claim of the plaintiffs for damages, but for any damage done by the defendant to the land of the plaintiffs outside of the domain covered by the adverse possession spoken of, they were entitled to recover. We suppose that the ditch on each side of the road-bed constitutes the limit of the actual occupancy to which the defendant can lay claim with success. The evidence is that within six years before the institution of this action the defendant widened the road-bed and deepened and widened correspondingly the ditches on the sides of the road-bed. Whether the widening was on the outside as well as the inside bank of the ditch does not appear. The import of the testimony is that the outer bank of each was cut, and if so, to this extent there was an infringement of the rights of the plaintiffs, for which they are entitled to recover compensation to the extent of the injury sustained. It may be insignificant in amount, but that is not the question.

In the trial below there was no distinction made between the parts of the hundred feet wide claimed by the defendant. The instructions to the jury related to the entire hundred feet wide. Our view, as shown, is that there is a manifest distinction between that part of the hundred feet actually occupied and that outside of the actual occupancy, which is apparent from the record, and which should have been observed in the trial, and as the question is embraced in the errors assigned and arises on the record, though not specifically made in the court below or here, we feel bound to decide it.

*Judgment reversed and cause remanded for a new trial.*