## J. L. ALCORN *v.* W. R. SADLER.

1. EASEMENT    *Limitation.  Adverse user.*

   The period for acquiring an easement in land by user corresponds to the statute of limitations conferring title by adverse possession—in this state ten years. *Bonelli* v. *Blakemore,* 66 Miss., 136.

2. SAME.    *Natural body of water.  Adverse user in flooding land of another.*

   Where the water in a lake or natural body of water on lands of adjoining owners, has been, by means of a dam used by one of them in floating logs, made to cover more land of both owners than it would naturally do, the open, adverse and continuous user for ten years in maintaining a certain height of water, gives the owner of the dam an easement in the flooded land of the other owner, who cannot drain off the water so as to interfere with the right thus acquired.

3. SAME.    *Adverse user.  Continuity.  Easement not interrupted.*

   In such case, strengthening, or even heightening, the dam from time to time would not affect the right to maintain the stage of water produced

long enough ago to acquire an easement by lapse of time; nor does occasionally letting off the water through the outlet constitute such interruption of the enjoyment of the right to flood the land as would break its continuity.

FROM the chancery court of the first district of Coahoma county. HON. W. R. TRIGG, Chancellor.

The opinion sufficiently states the case.

*J. W. & W. D. Cutrer*, for appellant.

An easement is a right to subject the land of one person to a particular service beneficial to the estate of another. The service must be certain, and must be exercised only to the extent and for the purpose of its creation. In the absence of a grant, the right to the enjoyment of an easement becomes fixed, if the use be continued, without interruption, for the period named in the local statute of limitations for quieting titles to land. Gould on Waters, § 329 and notes; Washb. on Easements, 130, 156, 158; Angell on Water-courses, § 382; 1 Greenleaf on Ev., § 17 and notes; 2 *Ib.*, § 543 and note *a*.

In this state, the period of prescription is fixed at ten years. *Ryan* v. *Railroad Co.*, 62 Miss., 162; *Bonelli* v. *Blakemore*, 66 *Ib.*, 136.

Proof of the prescriptive acquisition of an easement is made by evidence of uninterrupted use for the statutory period. Where one uses an easement whenever he sees fit, without asking leave and without objection, it is adverse, and an uninterrupted adverse enjoyment for ten years constitutes a title which cannot afterwards be disputed. The owner of the land, then, has the burden of proving that the use of the easement was under some license, indulgence or special contract inconsistent with a claim of right by the other party. Gould on Waters, §§ 336, 341, 343, 344; Washb. on Easements, 156, 157; 4 Wait's Ac. & Def., pp. 476, 477; *Garrett* v. *Jackson*, 20 Pa. St., 331; 25 *Ib.*, 519; 29 *Ib.*, 22; 9 Cowen (N. Y.), 279; 54 N. H., 122; 15 N. J. Eq., 256; 82

N. Y., 265. Mere declarations will not constitute an inter-
ruption of the user. *Railroad Co.* v. *McFarlan*, 43 N. J. L.,
605; 70 Cal., 345. *Lanier* v. *Booth*, 50 Miss., 410, does not
announce a different doctrine. If it does, it is overruled by
the later cases.

The limitation begins when the land is first flooded, and
the easement acquired is the right to maintain the dam, and
thereby accumulate the desired volume of water, though the
use to which it may be put is not always the same. Here,
however, the use has been uniform. Gould on Waters, § 336;
Angell on Water-courses, §§ 379, 382; 10 Wend. (N. Y.),
167; 2 Iredell, 229; 40 N. H., 434.

If the use be of a sufficient length of time openly, the
inference is that it is under a claim of right, and that the
use is adverse. Goddard on Easements, 136.

If a continued certain user is persisted in, the easement is
acquired, though it be begun in a trespass. Goddard on
Easements, 145; *Lanier* v. *Booth*, 50 Miss., 410.

Water may be taken for use when it is stationary or when
it is flowing in a water-course, and an easement acquired
therein. Goddard on Easements, 70, 240, 241, 249, 250, 251
and notes; Gould on Waters, § 83; Washb. on Easements,
160, 165, 167, 391, 392.

The different state courts have held adverse enjoyment to
be sufficient to give right and title to the easement, especially
where, as in this case, there is a natural depression. Angell
on Water-courses, § 382; Washb. on Easements, pp. 171,
174; 37 Ala., 20; 54 N. H., 122; 10 Allen (Mass.), 443; 20
Minn., 151; 29 Me., 398; 37 Vt., 304.

In every instance continued and continuous user gives
birth to the right. *Schaefer* v. *Marthaler*, 34 Minn., 487; 8
Jones (N. C.), 338; Gould on Waters, § 279; Angell on
Water-courses, § 108 and notes; 28 Ill. App., 303; 70 Cal., 345.

It was not necessary that Alcorn should proclaim to the
public his right to an easement. Continuous enjoyment was
sufficient. 23 N. J. L., 617; 29 Pa., 22.

*D. A. Scott* and *Calhoon & Green,* for appellee.

On the former appeal this court decided nothing in respect to the question now before it. All that the court did was to declare its acquiescence in the decision of *Schaefer* v. *Marthaler,* 34 Minn., 487, that if this was a permanent reservoir of water in its natural state before the dam, Sadler could not lawfully destroy it by drainage. There is a broad distinction between the right to the user of waters of the stream which has a definite channel, and any right to surface water. In the former case, the proprietor above cannot unreasonably interfere with the fall, but with surface water he may do as he pleases; and no lapse of time gives the lower proprietor any right to an easement in such water. To so hold would, in time, give the owner of the reservoir on his low land the proprietorship of the entire water-shed. Gould on Waters, §§ 263, 298; Angell on Water-courses, § 108 *et seq.; Wheatley* v. *Baugh,* 25 Pa. St., 528, where it was held that no length of time of user would give right and enjoyment by limitation in case of surface water. See, also, *Broadbent* v. *Ramsbotham,* 11 Exch., 602; *Rawstron* v. *Taylor, Ib.,* 367; *Ashley* v. *Wolcott,* 11 Cushing, 192; 9 *Ib.,* 171; 10 Gray, 28; 29 N. Y., 459. *Roath* v. *Driscoll,* 20 Conn., 533, is precisely in point. See also 31 N. J. L., 352. Nothing can be better settled than that there can be no claim by prescription, or otherwise than by express grant, to surface waters coming from another's land.

If twenty years user gives a right, it must have been adverse. If the evidence leaves it doubtful whether the enjoyment was adverse, known to the owner and uninterrupted, it is not conclusive. 2 Greenleaf on Ev., § 539.

The foundation of the title being a presumed grant, it must be of such nature as to show that it was not permissive. *Ib.,* § 539; Washb. on Easements, 162, § 41.

As to the claim by lapse of time, we refer to Washb. on Easements, 500; Gould on Waters, § 279; *Swett* v. *Cutts,* 9 Am. R., 276, and note.

The bill does not allege the existence of a water-course, but it, with all the testimony, shows that the land was flooded by surface waters strictly. In view of this, we refer to Washb. on Easements, 279, 280, 465 *et seq.;* Angell on Water-courses, §§ 108, 379; 3 Wait's Ac. & Def., 711, 712; 4 *Ib.*, 701, 740 *et seq.;* Goddard on Easements, 134; Gould on Waters, § 263; 6 S. W. Rep., 242, 244; 8 Western Rep.; 9 Central Rep., 845; 9 Am. R., 284; 13 *Ib.*, 213; 52 *Ib.*, 831; 58 *Ib.*, 222; 59 *Ib.*, 80, 242.

Twenty years are required for prescription in this state. *Lanier* v. *Booth,* 50 Miss., 410. But, under the pleadings, it cannot be set up in this case.

Appellee does not claim the right to drain the entire water from the so-called lake, but he does insist that he has the right to cut the ditch as proposed, and drain off so much of the water as will relieve his land permanently from overflow. On the testimony in the record, and in view of all the well-considered authorities, we insist that the appellant had no right to erect the dam when he did, and that he cannot claim a right of prescription which originated in wrong.

CAMPBELL, C. J., delivered the opinion of the court.

The report of this case, as presented on a former appeal and decided, is contained in 66 Miss., 221, where a full and accurate statement of the case, made by the bill and answer, prepared by the reporters, may be seen. The opinion of the court then delivered settled the principles of law applicable to the controversy, so far as it depended on the character of the body of water in dispute. The case was remanded for further investigation, and a vast mass of evidence has been accumulated, with the result of a decree authorizing Sadler to make his excavation so as to rid his land in the reservoir —called a cypress brake—of water put and kept on it by Alcorn's dam across the outlet at the mouth of Shep's bayou, but not to draw off the water, as it would be if the dam was not there. The decree recognizes and rests on the assump-

tion that the depression, or reservoir, constituted a natural body of water in its condition before the dam was constructed, and must be maintained to that extent, but, that Sadler has the right to free his land from overflow caused by the dam.

Alcorn alone appealed from this decree, and complains, not of the ruling on which it rests as to the character of the collection of water, which accords with his contention, but that the decree denies his claim to the continued enjoyment of his collection of water by reason of his dam; and the only question now presented for decision is as to Alcorn's right to maintain and continue the flow of water, caused by his dam, undisturbed by the drainage proposed by Sadler. For nearly or quite twenty years before this suit the dam has existed, and Alcorn, with the actual or presumed knowledge of Sadler, has exercised the privilege of flooding that part of Sadler's land embraced in the depression, or reservoir, with water, for the purpose of maintaining a certain height. This user by Alcorn has been adverse, exclusive, continuous, uninterrupted, open and notorious, and, in fact, was known to Sadler from an early day, and, by this enjoyment, Alcorn has acquired an easement in Sadler's land covered thus by water, which cannot co-exist with the right of Sadler to drain off the water so as to interfere with the right thus acquired by Alcorn.

It is not possible to fix with accuracy the year when the dam was last heightened, but there is no room for doubt that, some twenty years before this suit was begun the conditions as to increased water on Sadler's land were very much such as have continued ever since. The strengthening, or even heightening the dam, from time to time, would not affect the right to maintain the stage of water produced long enough ago to acquire an easement by lapse of time, and the occasionally letting off the water at the outlet, in the manner practiced by Alcorn, was not such interruption of his enjoyment of the right exercised to flow all the land in the reser-

voir as to break its continuity, for that was *secundum subjectam materiam*.   It is analogous to a right of way, which may be acquired by its use as such, without the necessity for being always on it.

Ten years is the time in this state by which to acquire an easement in land.   It would be irrational to hold that an easement may not be acquired by the lapse of time to confer title to the land by adverse possession.   The period for acquiring an easement in land corresponds to the local statute of limitations as to land.   Goddard on Easements, p. 133; Washburne on Easements, p. 84 *et seq.; Horner* v. *Stillwell,* 35 N. J. Law, 307, and cases cited; *Bonelli* v. *Blakemore,* 66 Miss., 136; *Ryan* v. *Railway Co.,* 62 *Ib.,* 162.

*Lanier* v. *Booth,* 50 Miss., 410, distinctly recognizes this rule.   It does not decide that twenty years is the period for acquiring an easement by user, and would be clearly wrong if it did.

The suggestions of counsel for the appellee as to Alcorn's wrongful act in flooding Sadler's land, and his appeal to a court of chancery, improperly styled a "court of conscience," "to sanctify his wrong," is equally applicable to any right acquired by time and circumstances which make it effective to confer right, and cannot have any influence in the determination of the case.   A right acquired by lapse of time is just as valid and available as any other.

*The decree of the chancellor is reversed and vacated, and the injunction is perpetuated, and all costs of both the chancery court and this court are decreed to be paid by the appellee.*