BROWDER v. GRAHAM.

In Banc. Dec. 31, 1948.

(38 So. (2d) 188)

Ben H. Walley, for appellant.

H. D. Young and E. C. Fishel, for appellees.

**Montgomery, J.**

This is a suit brought by Emery Browder in the Chancery Court of Perry County, praying for a mandatory injunction commanding the defendant, Bura Graham, to remove any and all obstructions from a prescriptive right of way, described in the bill of complaint, and prohibiting the said Graham from erecting obstructions in said right of way or in any way interfering with the rights of Browder to use the same. The defendants answered, proof was heard, and there was a decree, dismissing the bill of complaint. The case is now on appeal here from that final decree.

The proof shows without dispute that many years ago, the date not being shown in the record, one Albert Smith was the owner of SE¼ of NW¼ of Sec. 25, T. 5, R. 9, and he sold it to the father of Emery Browder in 1920. The elder Browder lived on the land until he sold it to his son, Emery Browder, in 1941, and the younger Browder lived with his father on the land except for two years prior to his purchase of it in 1941. After his purchase of the land Emery Browder lived on the land until January or February, 1946. During all of this period of time, Emery Browder, his father, and his predecessor in title Smith had used a right of way over an adjoining and separately owned forty acres, on to the SE¼ of NE¼, Sec. 26, T. 5, R. 9W, now owned by Graham, and across the same as an outlet from their lands to the school, the church, and the public road. The use of this roadway had been by car, by truck, by wagon and on foot by those residing on the Browder land as business or pleasure might direct. The road was fairly well defined and con-

tinued in the same location for far more than the prescriptive period of ten years, except for an occasional slight diversion because of some mud hole or other obstruction.

In 1946, Graham strung three strands of barbed wire across the road, rendering it impossible for Browder to cross Graham's land, and thereby cutting him and his children off from access to the school, church, and road, and Browder then moved off the land to another location until the issues between him and Graham could be settled by the courts as a result of this lawsuit.

It appears that the intervening forty acres that lies between the lands of Browder and the lands of Graham belong to one Clark and that Clark has never objected and does not now object to the passage over his lands. The Browder land is, consequently, not adjacent to the Graham land because of this forty acres that belong to Clark and lie between them.

While it is true that an easement requires two distinct tenements, the dominant to which the right belongs, and the servient upon which the obligation is imposed, nevertheless it is not essential that the dominant and servient tenements be adjacent. The rule is stated in 19 C. J., p. 864, Sec. 3; 28 C. J. S., Easements, Sec. 1, as follows: "While as already shown both a dominant and servient tenement are essential to the creation and existence of an easement, it is very generally held unnecessary that the two tenements should be contiguous or adjoining."

We are convinced by the evidence that Albert Smith, Emery Browder's father, and Emery Browder, and their families continued to use this way, through the years, as a means of ingress and egress to and from their home and this having continued for more than ten years it ripened into an easement by prescription across the lands of Graham. Alcorn v. Sadler, 71 Miss. 634, 14 So. 444, 42 Am. St. Rep. 484; Cummins v. Dumas, 147

Miss. 215, 113 So. 332, and Jenkins v. McQuaid, 153 Miss. 185, 120 So. 814.

When Emery Browder bought the land from his father and entered into possession, the conveyance to him of the dominant tenement carried with it the appurtenant easement. McIntyre v. Harvey, 158 Miss. 16, 128 So. 572, 130 So. 5.

The question has been raised as to the extent of use of the way by Browder and his predecessors in title, but the answer of Graham, himself, admits there has been a passageway over his lands. It is not necessary, in order to establish an easement by prescription, that the way has been in constant use, day and night, but it may be established by such use as business or pleasure may require. Alcorn v. Sadler, 71 Miss. 634; 14 So. 444, 42 Am. St. Rep. 484.

Browder has the right by prescription, growing out of the use of the way for more than ten years by him and his predecessors in title, to continue to use said way and the lower court was in error in denying him injunctive relief and dismissing his bill of complaint. Accordingly the decree of the lower court will be reversed and the cause remanded.

Reversed and remanded.