## GANO v. STRICKLAND.

Division B.   Apr. 23, 1951.

No. 37898  (52 So. (2d) 11)

512

E. B. Taylor and Chas. W. Wade, for appellant.

**Jos. E. Wroten,** for appellee.

514

## Arrington, C.

The appellant, Ada Gilkey Gano, filed bill of complaint in the Chancery Court of Washington County, praying for the establishment of the boundary lines of her lot, establishment of an easement by prescription and for injunctive relief. From final decree establishing the boundary lines and denying her the right of an easement and injunctive relief, she appeals.

The evidence shows without dispute that the appellant and the appellee own adjoining property on Poplar Street in the city of Greenville, Mississippi, that each lot has a

frontage of forty feet and a depth of one hundred fifty four feet; that in the year 1903 a home was built upon the appellee's lot; that in 1906 a home was built on the appellant's lot, and at this time a common driveway was established between the two homes, being ten feet in width, five feet off the South end of the appellee's property and five feet off the North end of appellant's property. The distance between the two houses is fifteen feet three inches. This driveway was used by the parties living in the respective homes until June 3, 1948, when the appellee built a fence down the driveway, which fence prevented the appellant from having access to the driveway because there was insufficient room between the fence and her home. The evidence shows that the appellant acquired her home by will in 1936 and that the appellee purchased her home in 1945, although she had lived there since 1935. The appellee admitted that the driveway was there and had been used by the occupants of both houses, but contended that its use was permissive only. She also contended that appellant's use of the driveway had been interrupted by parking cars in same. The evidence on the part of the appellant was abundant that there had been free and continued common use of the driveway since 1906, a period of more than forty years. Both parties kept the driveway up, the appellant having repaired same in 1946, and all persons having any business at either of the homes used the driveway; that this was the only way that ingress and egress could be had to the back of the premises from the street. The evidence further shows that there were garages on the respective premises in the rear and that the only way to get to these garages was to use the driveway in question. The evidence in this case was overwhelming that an easement by prescription had been established long before the present owners acquired their property. In Alcorn v. Sadler, 71 Miss. 634, 14 So. 444, 445, the Court held: "Ten years is the time in this state by which to acquire an easement in land. It would be irrational to hold that an easement may not be

acquired by the lapse of time to confer title to the land by adverse possession. The period for acquiring an easement in land corresponds to the local statute of limitations as to land. God. Easem. p. 133; Washb. Easem. p. 84 et seq.; Horner v. Stillwell, 35 N. J. L. 307, and cases cited; Bonelli [Bros.] v. Blakemore, 66 Miss. 136, 5 So. 228; Ryan v. [Mississippi Val. & I] Railway Co., 62 Miss. 162; Lanier v. Booth, 50 Miss. 410, distinctly recognizes this rule. It does not decide that 20 years is the period for acquiring an easement by user, and would be clearly wrong if it did.''

In Jenkins v. McQuaid, 153 Miss. 185, 120 So. 814, 816, the Court said: ''The chancellor held that the use made by Jenkins of the alley 'was not sufficient notice to complainant of the defendant's hostile claim, if any, to said land, and that said use has therefore continued as permissive and has not ripened title in this defendant.' A continuous easement is an interest in land, and a parol grant is insufficient to pass the title under the Statute of Frauds (Hemingway's Code 1927, Sec. 3325), but it is sufficient when claimed as a right and used continuously, openly, and for a period of 10 years or more, and is sufficient to ripen into a right by prescription equivalent to a deed conveying such right. Adverse and continuous enjoyment of a right of way for a term of years equal to the statute of limitation raises a legal presumption that the right was properly acquired. Lanier v. Booth, 50 Miss. 410; Briel v. [City of] Natchez, 48 Miss. 423; Alcorn v. Sadler, 71 Miss. 634, 14 So. 444, 42 Am. 'St. Rep. 484; Board of Trustees of University of Mississippi v. Gotten, 119 Miss. 246, 80. So. 522. . . . If Jenkins, under a claim of right, used the alley constantly for the statutory period, improving and keeping it in condition for his use, as testified by him (which testimony is not disputed), then his right thereto became perfect and irrevocable after such statutory period of time, and is as efficacious in vesting in him the enjoyment of such right as though it had been formally conveyed in writing.'' See also

Browder v. Graham, 204 Miss. 773, 38 So. (2d) 188, and Lindsey v. Shaw, Miss., 49 So. (2d) 580.

In 28 C. J. S., Easements, Sec. 18(j), page 673, it is stated: ''As stated in Corpus Juris, which has been cited and quoted with approval, while there are some decisions to the contrary, the weight of authority is to the effect that, ██ where adjoining proprietors lay out a way or alley between their lands, each devoting a part of his own land to that purpose, and the way or alley is used for the prescriptive period by the respective owners or their successors in title, neither can obstruct or close the part which is on his own land; and in these circumstances the mutual use of the whole of the way or alley will be considered adverse to a separate and exclusive use by either party. However, where the owners of land used an alleyway for their mutual convenience, the user being occasional, permissive, and for broken periods of time, no right of way in the alley was established by prescription.''

The above rule is applicable to the facts in the instant case and is fully supported by our decisions.

██ We are of the opinion that the learned chancellor erred in not granting the injunctive relief prayed for. Accordingly, the decree will be reversed and a decree entered here adjudging the right in appellant to the common use of the driveway, and mandatorily enjoining appellee to remove the fence in the driveway within ten days from the date final judgment is entered in the cause in this Court, and permanently enjoining appellee from obstructing or interfering with appellant's use of said driveway. ██ We are also of the opinion that the lower court erred in assessing appellant with one-half of the court costs. The decree is also reversed to the extent that all costs in the lower court and on appeal are assessed against appellee. Reinecke v. Gibbs, 196 Miss. 247, 16 So. (2d) 853, 18 So. (2d) 442; Lindsey v. Shaw, supra.

Reversed and decree here for appellant.

518

## PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the case is reversed and decree here for appellant.