## FLANAGAN *v.* BRANTON.

No. 39625        May 9, 1955        79 So. 2d 823

*Taylor Webb,* Leland; *John C. Webb,* Greenville, for appellant.

*Kellner & Kellner,* Greenville, for appellee.

ARRINGTON, J.

Mrs. Minnie R. Branton, appellee herein, filed her bill of complaint in the Chancery Court of Washington County, Mississippi, praying that the appellant, David B. Flanagan, be permanently enjoined from using a road 200 feet long which it was alleged ran through certain land owned by the appellee, described in the bill of complaint by metes and bounds and which was located on the west side of Deer Creek. The appellee also prayed for the sum of $3,600 as rental for the use of said road for the past six years. The appellant answered, denying that the road ran across the land of the appellee, and claimed that if the road was through land owned by appellee, he had acquired an easement to use said road for the purpose of ingress and egress to his plantation. The chancellor granted the injunction as prayed for, but disallowed the rental in the amount of $3,600. From this decree the appellant appeals and the appellee cross appeals.

The appellant owns a tract of land on the east side of Deer Creek. Prior to 1909 the father-in-law of appellee owned the lands now owned by both appellant' and appellee and built a bridge across Deer Creek for his own use. In 1909 the lands on the east side of said creek were sold to the Board of Supervisors of Washington County, who used the bridge and the road in question to reach the highway. In 1917 the board of supervisors sold the land east of Deer Creek to J. C. Hay and the

evidence shows without dispute that he used the bridge and road continuously, openly, and as a matter of right, and expended large sums of money for repairs to the bridge without objection. J. E. Branton, husband of appellee, inherited from his father the lands west of Deer Creek in 1915. In 1928, he conveyed the tract of land described in the bill of complaint to his wife, the appellee, and since that time has acted as her agent, controlling and managing said lands. He testified that Hay used the bridge and road from the time he acquired the property east of Deer Creek, but the first time he ever had any discussion with Hay about the matter was in 1946 when Hay said that the bridge was so bad it looked like he would have to put up another one, and he said, "if you do put up another bridge I want you to put up the next bridge south of that present bridge." Hay built a new bridge at a cost of several thousand dollars. The bridge was constructed about fifteen or twenty feet south of the old bridge on the west side and about five feet south on the east side. When it was completed, Hay went from the bridge straight across the lands on the west side of Deer Creek to U. S. Highway 61, the road being slightly south of the road previously used. Branton further testified that after J. C. Hay began using the new bridge and road that he fenced in the old road and used the land north of the fence for a pasture. On December 31, 1947, the lands east of Deer Creek were conveyed to the appellant, together with all "easements and appurtenances thereunto belonging," and appellant used the road and bridge without objection until this controversy arose. It is undisputed that he spent large sums of money repairing same without objection by the appellee.

Branton did not know of his own knowledge whether the road at the present time actually ran across the lands of his wife as described in the bill of complaint. A deed was introduced in evidence whereby a strip of land immediately south of the lands of the appellee had been conveyed by J. E. Branton to other parties in 1946.

A surveyor who made a survey of the lands testified that the road did not run across the lands of appellee but across the strip of land which had been conveyed by Branton to other persons. However, it is immaterial whether the appellee owned the lands or not, as an easement by prescription had been acquired by J. C. Hay long before 1946.

In Jenkins v. McQuaid, 153 Miss. 185, 120 So. 814, the Court said: ''The chancellor held that the use made by Jenkins of the alley 'was not sufficient notice to complainant of the defendant's hostile claim, if any, to said land, and that said use has therefore continued as permissive and has not ripened title in this defendant.' A continuous easement is an interest in land, and a parol grant is insufficient to pass the title under the Statute of Frauds (Hemingway's Code 1927, Sec. 3325), but it is sufficient when claimed as a right and used continuously, openly, and for a period of 10 years or more, and is sufficient to ripen into a right by prescription equivalent to a deed conveying such right. Adverse and continuous enjoyment of a right of way for a term of years equal to the statute of limitation raises a legal presumption that the right was properly acquired. Lanier v. Booth, 50 Miss. 410; Briel v. City of Natchez, 48 Miss. 423; Alcorn v. Sadler, 71 Miss. 634, 14 So. 444, 42 Am. St. Rep. 484; Board of Trustees of University of Mississippi v. Gotten, 119 Miss. 246, 80 So. 522 . . . If Jenkins, under a claim of right, used the alley constantly for the statutory period, improving and keeping it in condition for his use, as testified by him (which testimony is not disputed), then his right thereto became perfect and irrevocable after such statutory period of time, and is as efficacious in vesting in him the enjoyment of such right as though it had been formally conveyed in writing.'' Compare Browder v. Graham, 204 Miss. 773, 38 So. 2d 188.

The change in the location of the road was due to the change in the location of the bridge, which, according to the testimony of Branton, was made at his re-

quest. Once an easement has been acquired by prescription, its general location can be changed either by oral consent or by acquiescence. Quinn v. Sabine, 183 Miss. 375, 183 So. 701, and authorities cited therein.

The decree of the chancellor was manifestly against the evidence. It follows that there is no merit in the cross-appeal.

Reversed and judgment here for appellant on direct appeal; affirmed on cross-appeal.

*McGehee, C. J.,* and *Lee, Ethridge,* and *Gillespie, JJ.,* concur.