PENNINGTON *v.* HARRIS, et al.

No. 41682          February 6, 1961          126 So. 2d 505

*Robert D. Patterson,* Aberdeen, for appellant.

*Johnny N. Tackett,* Aberdeen, for appellees.

McElroy, J.

This suit originated in the Chancery Court of Monroe County, Mississippi. The appellees, Greely Harris and others, brought suit against Pennington, appellant, seeking an injunction to prevent the appellant from obstructing a roadway leading from the property of appellees to the Amory and Detroit public road, or old Highway 6. The appellees contend that they have title to an easement over a 60 foot strip of land belonging to appellant for a roadway. They claim this easement by the grant, adverse user, and as a way of necessity and by dedication. The evidence is that one Billinger prior to 1930 owned the land now belonging to the appellees and also other lands including the 60 foot strip here in question.

In 1930 Billinger conveyed to Gravlee a tract of land lying north of the land now owned by the appellees. There was no outlet to the public road for this land and

the deed had the following recitation: "Said party of the first part hereby agrees to open up and keep open a strip 60 feet wide on the west side of the above described property. Said road is to connect with the Amory and Detroit public road."

In 1934 Billinger conveyed to Oscar Gentry the land now owned by appellees. At the same time he conveyed to his daughter other lands and also conveyed to her the 60 foot strip here in question with the following notation: "It is understood that this property is to be used for street purposes."

In 1938 the daughter, Mrs. Geneva Gentry, and her husband conveyed to Forbes and Nash the land now owned by the appellees. The deed had the following clause: "The grantees to have the use of a 60 foot right-of-way heretofore dedicated by Billinger running from Highway 6 south and extending to the southwest corner of the property herein conveyed. This right-of-way to be kept open and used by the general public without restriction."

The proof shows that Forbes opened up a road and used a road grader to make drainage ditches along the side of the road. From the evidence there appears to be a break in the chain of title to the land owned by the appellees. However, Forbes and Nash both appeared and testified in this case and their testimony is to the effect that both executed deeds to this property and by such deeds they conveyed all the interest they had in the land to the grantee. They are not sure when the deed was executed, but they are certain that this land passed to D. Nash. These deeds appear to have never been recorded and according to their testimony have been lost. However, both testified that they conveyed all the interest they had in the land.

In 1939 D. Nash conveyed by warranty deed the land now owned by the appellees to Sanders. This deed has the same clause that was included in the former deeds.

Sanders, the owner of the land in question in 1958, conveyed his interest to the appellees Harris and wife. This deed also granted the right to use the 60 foot strip in question as a right-of-way.

There was testimony to the effect that the road in question had been maintained as a public road until the 60 foot strip was blocked by the appellant. The evidence further shows that gravel was placed on the 60 foot strip by Sanders on at least two occasions. At one time the county board of supervisors graded the road.

The chancellor granted the injunction sought, stating that the appellees not only have title by grant but that they have acquired title by adverse user had there been no grant, and that in his opinion the appellant had no right to close the road or deny the appellees the right to use the road, and assessed all the costs against the complainant.

■■ ■ The Court is of the opinion there is no error in the decree of the Chancery Court.

In Lanier v. Booth, et al, 50 Miss. 410, it was said: "This is an appeal from the decree of the chancery court of Warren County, perpetuating an injunction restraining the appellant from obstructing the appellees' right of way over a small portion of his land. * * *

"A right of way is the privilege which an individual, or a particular description of individuals, as the inhabitants of a village, or the owners or occupiers of certain farms, have of going over another's ground. It is an incorporeal hereditament of a real nature, entirely different from a common highway. It may be either a right in gross, which is purely a personal right incommunicable to another, or a right appendant or annexed to an estate, and which may pass by assignment with the estate to which it is appurtenant.

"There are three modes in which easements may be acquired, namely: by express grant, implied grant, and prescription, which, indeed, presupposes a grant to have

existed. But this is, in effect, merely saying that an easement, being an interest in land, can be created only by grant, the existence of which may be established by production of a deed expressly declaring it, or may be inferred, by construction, from the terms and effect of an existing deed, or evidence of the grant may be derived from its having been so long enjoyed as to be regarded as proof that a grant was originally made, though no deed is produced which contains it. In case of an express grant, the fact of the creation of the easement, as well as its nature and extent, is determined by the language of the deed, taken in connection with the circumstances existing at the time of making it. An easement may be created or reserved by an implied grant when its existence is necessary to the enjoyment if that which is expressly granted or reserved, upon the principle, that where one grants any thing to another, he thereby grants him the means of enjoying it, whether expressed or not.''

In Gulf, M. & O. R. R. Co. v. Tallahatchie Drainage District of Union County, 218 Miss. 583, 67 So. 2d 528, it was held:

''The Lanier case, supra, recognized three modes by which easements may be acquired, namely: by express grant, implied grant, and prescription, which presupposes a grant to have existed, and being an interest in land, an easement can be created only by granting, and may be shown by the production of a deed expressly declaring it, or may be inferred by construction from the terms and effect of an existing deed. However, the opinion further recognized that evidence of the grant may be derived from its having been so long enjoyed as to be regarded as proof that a grant was originally made though no deed is produced which creates it; and that further, 'an easement may be created by or reserved by an implied grant when its existence is necessary to the enjoyment of that which is expressly granted or

reserved, upon the principle that where one grants anything to another he thereby grants him the means of enjoying it whether expressed or not.'

"The quotation relied upon by the appellant from 19 C. J., supra, while stating in general that a grant of an easement must contain all the formal requisites of a grant of land, and should be certain and definite in its terms, further states that: 'No particular words are necessary to constitute a grant, and the words ought clearly show the intention to give the easement, which is by law grantable, or sufficient to effect that purpose.' The quotation from 28 C.J.S., supra, relied upon by the appellant, declares that the law does not favor easements by implication, although the same may be so created, depending on the intent of the parties. And it is stated in 17 Am. Jur., supra, that the exact scope of the doctrine of implied easements in the United States is uncertain, and that as a general rule the tendency of the courts is to discourage implied grants of easements."

The case is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.