320 So.2d 792 (1975)
Carl E. LOGAN
v.
William E. McGEE et al.
No. 48362.
Supreme Court of Mississippi.
October 13, 1975.
Johnny N. Tackett, Aberdeen, for appellant.
David B. King, Aberdeen, for appellees.
Before RODGERS, SUGG and BROOM, JJ.
BROOM, Justice.
An easement acquired by adverse use for over eighty (80) years across appellees' land was asserted by appellant, Logan, in his bill filed in the Chancery Court of Monroe County, Mississippi. He prayed that the appellees be enjoined from interfering with his use of the subject roadway. The chancellor decreed that Logan and his predecessors acquired an easement by prescription. He also decreed that the easement did not run with the land but that it was a personal right limited to Logan and his immediate family.
The chief issue is whether Logan's prescriptive right-of-way easement is merely personal or whether it will run with the land.
No testimony, but only the pleadings, opinion of the court, and decree appear in the record. The trial court found that the roadway had been used as a family road by Logan and his family "since the turn of the century." We think the chancellor erred in so limiting the prescriptive right that it would not run with the land, and would be only for the use and benefit of the appellant and his family. Generally an easement is an interest in the land in *793 and over which it is to be enjoyed and is distinguishable from a license which merely confers a personal privilege to do some act or acts on the land. An easement may be created by grant, implication, or prescription. The easement in this case was created by prescription. The creation of an easement by implication or prescription presupposes a grant. 25 Am.Jur.2d Easements and Licenses § 3 at 419 (1966).
Flanagan v. Branton, 224 Miss. 214, 79 So.2d 823 (1955), held that a prescriptive right to an easement is equivalent to a deed conveying such right, and that proper acquisition of the right is presumed from adverse and continuous enjoyment of a right-of-way for the ten year statutory period. If an easement by prescription is equivalent to the conveyance of such right by deed, then it follows that such an easement will run with the land. In Browder v. Graham, 204 Miss. 773, 38 So.2d 188 (1948), Browder purchased a dominant tenement and it was ruled that "the conveyance to him of the dominant tenement carried with it the appurtenant easement." The acquisition of an easement by adverse user for the statutory time is no less efficacious than a deed (properly drawn and delivered) in investing such user with full rights to use, enjoy, own and convey such an easement.
Though the appellant does not contend that the roadway in question is a public road, he is correct in his contention that the prescriptive right granted him by the court should run with the land. Accordingly, the decree appealed from must be reversed to the extent that judgment will be entered here modifying the chancellor's decree consistent with this opinion.
Reversed in part and decree of lower court modified.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH, ROBERTSON and WALKER, JJ., concur.