KITCHENS, Justice,
dissenting:
¶34. The majority affirms the trial court’s grant of a jury instruction that allowed the jury to find that a taking had occurred because the Mississippi Transportation Commission (MTC) no longer was using the easement for highway purposes, but that just, compensation could not be awarded because the MTC had not released the easement on its minutes. Indeed, Mississippi Code Section 65-1-123(5) provides that “[a]ll easements for highway purposes shall be r,eleased when they are determined on the minutes of the commission as no longer needed for such purposes— ” Miss.Code Ann. § 65-1-123(5) (Rev.2012). But a state statute cannot be applied in-a manner that thwarts a landowner’s state and federal constitutional rights to just compensation for a governmental taking of private property. U.S. Const. amend. V; U.S. Const. amend. XIV; Miss. Const. art. 3, § 17; Preseault v. U.S., 100 F.3d 1525, 1551-52 (Fed.Cir. 1996). Therefore, I respectfully dissent. I would reverse and remand for a determination of just compensation owed, to Bay Point for the taking of its property unburdened by the easement.
¶ 35. The facts of this case may be stated succinctly. In 1952, the MTC[12] acquired an easement over the property of Wallace Walker for highway purposes. Walker’s successor, Bay Point Properties Inc., sued for inverse condemnation after the MTC commenced construction of a public park on the easement and asserted that the use of the land for a public park was within the scope of the easement. The jury found that, because the MTC’s use of the land was not for highway purposes, and thus outside the scope of the easement, a taking had occurred. But because the MTC had not released the easement on its minutes by entering a determination that the easement was no longer needed for highway purposes, the jury did not award just compensation for the taking. Instead, the jury awarded nominal damages of $500, an amount representing *1060 the value of the Bay Point’s property encumbered by the easement.
¶ 36. On appeal, Bay Point renews its argument from the trial that, because the jury found that the MTC’s use of the easement exceeded its scope, the easement Was terminated, and the MTC owes just compensation for the property unencumbered by the easement. The MTC argues that the easement did not terminate because Section 65—1—123(6) states that the MTC’s easements cannot be construed as abandoned by nonuse, and Section 65-1-123(5) states that easements for highway purposes “shall be released when they are determined on the minutes of the commission as no longer needed for such purposes.” Miss.Code Aim. §§ 65-1-123(5); 65-1-123(6) (Rev.2012).
¶ 37. Under the Fifth Amendment to the United States Constitution,' “private property [shall not] be taken for public use, without just compensation.” U.S. Const, amend, y. Article 3, Section 17, of the Mississippi Constitution provides,
Private property shall not be taken or damaged for public use, except on due compensation being first made to. the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.
Miss. Const, art 3, § 17. This Court has held that the state constitutional right “provides broader protection of private property rights by the guarantee that ‘[p]rivate property shall not be. taken or damaged for public use, except on due compensation....’” Gilich v. Miss. State Highway Comm’n, 574 So.2d 8, 11 (Miss. 1990) (quoting Miss. Const. art. 3, § 17). These provisions establish absolute federal and state constitutional rights to just compensation when private property is taken for public use.
¶ 38. The MTC is authorized by statute to take by eminent domain any rights, title, and interests in property that are necessary for its authorized purposes. Roberts v. State Highway Comm’n, 309 So.2d 156, 161 (Miss.1975); Miss.Code Ann. § 65-1-47 (Rev.2012). Here, the MTC took an easement for highway purposes. An easement is “[a]n interest in land owned by another person, consisting in the right to use or control the land ... for a specific limited purpose.” Easement, Black’s Law Dictionary 527 (7th ed.1999). The dominant tenement holds the easement, and the obligation is imposed upon the servient tenement. Browder v. Graham, 204 Miss. 773, 38 So.2d 188 (1948). Easements may be created by express grant, implication, or prescription. Miss. State Highway Comm’n v. Wood, 487 So.2d 798, 804 (Miss.1986). When an easement is created by express grant for a particular purpose, the terms of the grant govern the extent of the permissible usage. Preseault, 100 F.3d at 1542 (quoting Jon. W. Bruce and James W. Ely, Jr., The Law of Easements and Licenses in Land ¶ 8.02[1], at 8-3 (Rev. ed.1995)). If the holder of the dominant estate uses the land in a way inconsistent with the purpose for which the easement was granted, the easement reverts to the holder of the servient estate free of the easement. Pre-seault, 100 F.3d at 1542 (quoting Lawson v. State, 107 Wash.2d 444, 730 P.2d 1308, 1312 (1986)).
¶ 39. Bay Point argued that the easement had reverted to Bay Point when the MTC used the easement to build a park, a use which Bay Point argued exceeded the grant of the easement for highway purposes. The jury agreed and found that *1061 the MTC no longer was using the easement for highway purposes; thus, a taking had occurred. However, the trial court instructed the jury that, unless it also found that the MTC had released the easement on its minutes, the MTC retained the easement and the jury could not award just compensation. The trial court granted this jury instruction after finding that Section 65-1-123(5) does not permit the termination of an easement for highway purposes in any manner other than by a release on the minutes.
¶ 40. I would hold that the trial court erroneously applied Section 65-1-123(5) and Section 65-1-123(6) in a manner that violated Bay Point’s state and federal constitutional rights to just compensation for the taking. I would hold that the jury’s finding that the easement was no longer used for highway purposes triggered Bay Point’s constitutional rights to just compensation for the value of the property unencumbered by the easement. As stated, the MTC had title to an easement for highway purposes. As found by the jury, when the MTC built the park, it put the property to a new use, outside the grant of an easement for highway purposes. In other words, according to the jury’s finding, the MTC’s use of the easement exceeded the terms of the grant, causing the easement to revert to Bay Point and entitling Bay Point to just compensation for the MTC’s taking of the easement for use as a park. The MTC presented no evidence or argument that the easement had not terminated due to some need for future highway use. This Court errs by speculating that the easement may be needed for future repair or replacement of the Highway 90 bridge.
¶ 41. Moreover, the MTC acquired the easement in 1952, before the enactment of Section 65-1-123(5) and Section 65-1-123(6). These provisions were added to the statute by' amendment in 1988. 1988 Miss. Laws, ch. 597, § 1. Yet the trial court construed Sections 65-1-123(5) and Section 65-1-123(6) to require that Bay Point could show that the easement had terminated only if the MTC had released the easement on its minutes. This interpretation prevented any termination of the easement that otherwise would have occurred under the common law. It has been held that, because interests in land are fixed at the time of their creation, application of a “later statute[ ] ... to divest those interests would constitute a separate ground for finding a governmental taking.” Preseault, 100 F.3d at 1540 n. 13 (citing Lawson, 107 Wash.2d 444, 730 P.2d 1308). When the easement was created in 1952, termination of an easement did not require a determination on the MTC’s minutes. Therefore, constitutionally, Section 65-1-123(5) cannot be applied to divest the interests of Bay Point by supplanting the common law and requiring a determination on the minutes before ah easement can terminate.
¶42. Additionally, the trial court’s interpretation of Section 65-1-123(5) implicated the doctrine of separation of powers. Although the majority points out that Bay Point never presented a separation of powers argument to the trial court, this Court may address a separation of powers violation sua s'ponte. Wimley v. Reid, 991 So.2d 135, 136 (Miss.2008). Article 1, Section 1 of the Mississippi Constitution provides,
The powers of the government of the State of Mississippi shall be divided into three distinct departments, and each of them confided to a separate magistracy, to-wit: those which are legislative to one, those which are judicial to another, and those which are executive to another.
*1062 Miss. Const. art. 1, § 1. Article 1, Section 2, addresses encroachment of power and provides, in part, that,
No person or collection of persons; being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others.
Miss. Const. art. 1, § 2.
¶43. The jury instruction granted by the trial court and approved by the majority in this case plainly allowed the MTC, an executive agency, to exercise power properly belonging to the judiciary. The majority’s interpretation of the law permits the MTC unilaterally to determine when an easement has terminated. As shown by this case, even if the facts support the legal conclusion that an easement has terminated by its own language, under the majority’s interpretation, the MTC may hold the easement indefinitely by refusing to release it on the minutes no matter how far the MTC may stray from the public purpose for which the property was taken from its private owner. And under the majority’s interpretation, if a lawsuit ensues, the jury’s role is limited to deciding whether the MTC has, in fact, released the easement on its minutes. This Court errs by construing Section 65-1-123 to allow the MTC to retain terminated easements until such time, if ever, as it deigns to release them on its minutes.
¶ 44. Finally, I would hold that Section 65-1-123(5) and Section 65-1-123(6) are no bar to Bay Point’s recovery of just compensation equal to the value of its property unencumbered by the easement. Section 65-1-123(6) states that no property interest ■ acquired by the MTC “shall ... be construed as abandoned by nonuse.” Under the common law, a presumption of abandonment arises from protracted non-use of an easement over an extended period of time, and the presumption is strengthened if there is proof of intent to abandon. R & S Dev., Inc. v. Wilson, 534 So.2d 1008, 1010 (Miss.1988). Bay Point does not claim abandonment by nonuse, and the jury did not find the easement to have been abandoned. Indeed, the MTC’s use of the .easement to build a public park hardly can be considered abandonment. Instead, Bay Point argued and the jury found that a taking had occurred because the MTC was using the easement, but not for highway purposes. Thus,- Section 65-1-123(6) did not bar Bay Point’s recovery of just compensation for the unencumbered value of the property. .
¶ 45. Neither does Section 65-1-123(5) bar Bay Point’s recovery of just compensation for the value of the property unencumbered by the easement. Section-65-1-123(5) states that the MTC “shall” release an easement for highway purposes when it is determined on the minutes to no.longer be needed for such purposes. Thus, the statute places an affirmative duty upon the MTC to determine if and when an ease-mént is no longer needed for highway purposes, and then to release that easement on the minutes. Here, the MTC did not formally release the easement on its minutes. However, the jury has entered a verdict to the effect that the easement no longer is being used for highway purposes, “Equity regards as done that which ought to be done.” PMZ Oil Co. v. Lucroy, 449 So.2d 201, 208 (Miss.1984). A jury finding that the easement no- longer was being used for highway purposes eliminated the need for a formal entry of that fact on the minutes. Therefore, -the jury should have been instructed to award just compensation for the unencumbered value in the event it determined the easement no longer was being used for highway purposes.
¶46. The majority affirms a verdict that violated Bay Point’s federal and state constitutional rights to just compensation for the taking of its property for public *1063 use. This Court errs by interpreting Sections 65-1-123(5) and (6) in a manner that violates Bay Point’s right to just compensation. Because the jury found that the MTC’s easement no longer was being used for highway purposes, Bay Point was entitled to just compensation for the value of the property unencumbered by the easement. I would reverse the judgment and remand this case to the trial court for a determination of just compensation for the unencumbered value of the property.
KING, J., JOINS THIS OPINION.

. Then the Mississippi State Highway Commission.