EDWENA BURNLEY ET AL. *v.* FRANK B. MULLINS.

1. PUBLIC ROAD. *Neighborhood road. Ten years' use.*

　A neighborhood road does not become a highway because of its use at will for more than ten years by all persons whose convenience was thereby promoted, where the same was never laid out or worked by public authority, although occasionally repaired by those using it.

2. INSTRUCTIONS.

　An instruction not predicated of evidence is erroneous.

FROM the circuit court of Copiah county.

HON. D. M. MILLER, Judge.

Miss Burnley and others, appellants, were plaintiffs in the court below, and Mullins, appellee, was defendant there.

The plaintiffs brought their action of trespass *quare clausum fregit* against defendant, charging in their declaration the cutting of a fence inclosing plaintiffs' land, and also that the defendant, after breaking and entering the enclosure, "then and there with his feet, in walking, and by riding and driving through the said land, trod down, trampled upon, consumed,

and spoiled the grass, herbage, etc., of the plaintiffs." With his plea of the general issue, the defendant filed a notice of special matter, as follows: "Plaintiffs will take notice that on the trial of this case defendant will offer proof to show that the wire fence cut was an illegal obstruction of a public road."

The testimony showed that the road which was obstructed by the fence, and which passed through plaintiffs' land, had been used without objection continuously from twelve to twenty years by defendant and all persons living on his land, and by the public and everybody who saw proper to go that way, but it was never laid out and had never been worked by public authority.

Defendant cut the wire fence, and went on the land in question and cut a small tree.

The instruction to which the court, in its opinion, refers is as follows: "No. 1. If the jury believe from the evidence that the road through where Mullins cut the wire has been used by the public for more than ten years, and that this use by the public has been under claim of right to use it, and not used by permission of the owner of the land, then you should find a verdict for the defendant."

The opinion of the court states the further facts necessary for an understanding of the case.

*Ricketts & Peyton,* and *H. J. Wilson,* for appellants.

What, under the laws of the state of Mississippi, is the test which we are to apply to a road in order to determine whether or not it is a public road? *Teagarden* v. *McBean,* 33 Miss., 289.

In the present case the road has never been adopted or sanctioned by the board of supervisors, or its predecessor the board of police, as is necessary for the public good. No overseer has been appointed to attend to it, nor hands assigned to work upon it, as required to be done on all public roads. It has never come under the jurisdiction of the tribunal intrusted by the constitu-

tion with the care of all public roads. There is consequently
no obligation which can be enforced against any one to keep it
in repair as a public road—a consideration which has been
held, and, we think, justly, to be a correct test of whether a
road is public or private and to fix its character as a public
road. *Smith* v. *Kinard*, 2 Hill (S.C.), 642; *State* v. *Gregg,
Ib.*, 388. See also Annotated Code 1892, § 3887; *State* v. *Morgan,* 79 Miss., 659; *Craft* v. *DeSoto County,* 79 Miss., 618.
The following show some of the definitions of the term "public
road" given by the authorities: 23 Am. & Eng. Ency. Law,
458; Elliott on Roads and Streets, sec. 8, p. 8; Elliott on
Roads and Streets, sec. 11, p. 10; *Kennedy* v. *Williams,* 87 N.
C., 6.

Without reference to what has been held in other cases, the
present case is so nearly identical in its leading features with
the case of *Warren County* v. *Mastronardi,* 76 Miss., 276,
that it must be taken as stating the principles upon which this
case should be decided. Washburn on Easements (4th ed.),
152, 153; *Lanier* v. *Booth,* 50 Miss., 410.

In the present case, under the issue presented by the pleadings, the appellee, having elected to defend on the ground that
the fence cut was an illegal obstruction of a public road, should
not have been permitted to introduce evidence which, if it
tended to prove anything, tended to prove a way by necessity;
nor should he have been permitted to introduce testimony as
to the length of time the alleged road had been used.

We direct the attention of the court to the language used by
Peckham, J., in the opinion in *People* v. *Underhill,* 144 N. Y.
Rep., 324; *Hamilton* v. *The Village of Owego,* 42 App. Div.
(N. Y.), 312; 22 Am. & Eng. Ency. Law, 1223, note 12.

*R. N. Miller,* for appellee.

[The brief of counsel for appellee was withdrawn or lost
from the record before it reached the reporter.]

TRULY, J., delivered the opinion of the court.

It is impossible to extricate the case for appellee from the rule announced by this court in *Warren County* v. *Mastronardi,* 76 Miss., 276 (24 South. Rep., 199). In truth, the case made by appellee is not so strong as that presented by the Mastronardi case. In the case at bar it appears that for many years there has been a "neighborhood road" running at or near the place where the road in question now runs. It is also evident from the record that this way has been used by that portion of the public living accessible thereto whenever occasion demanded. It is undisputed that the road has been several times and at various places along its route changed according to the wish or convenience of the property owner whose land it traversed without order or permission from the board of supervisors of the county. It is not seriously contended that the road is a public road in the sense that it is one over which the board of supervisors has at any time exercised jurisdiction or to which it has officially asserted any claim. It has never been worked by road hands or under the supervision of a road overseer, though occasionally repaired by the neighbors whose convenience made it necessary that the road be maintained. There is nothing in the record to show that this limited, though long-continued, use of the road by a portion of the public has been "under color of right;" nor does it appear that the privilege of passage exercised by those using the road was "such as to expose the party asserting such right of way to an action if he wrongfully exercised such right." And under the Mastronardi case these two elements must coexist with the continued use of the way in order for such use to "ripen into title by prescription." Therefore, even if it be conceded that "anything less than the assertion of a claim by the board of supervisors could constitute color of right," it is evident that, in the absence of the two necessary elements of adverse claim mentioned, the use, no matter how public nor how long continued,

could never ripen into an absolute and adverse right. So far as the public is concerned, there was never, in any proper legal sense, the assertion of any hostile right, but simply the enjoyment of a mere permissive right of passage. Being permissive, the property owner whose land was traversed by the way had the power at any time to withdraw his consent and close the road. It must be noted in this connection that we are not dealing exclusively with a personal easement, such as may, under certain circumstances, be acquired by prescription. Our remarks are intended to apply only to the case made by this record, and we decide only that under the facts of the record no sufficient title has been shown in the public either by official assertion of claim, by order or action of board of supervisors, by adverse possession or prescription, to prevent the appellants from lawfully closing the private road. Hence it follows that instruction No. 1, granted for the appellee, was erroneous, because there was no competent evidence on which to base it. There was no proof that the use of the road by those who traveled it "had been under claim of right to use it," and no evidence that the way, prior to its closing by appellants, was "not used by permission of the owner of the land." And without proof to the satisfaction of the jury of the existence of both these constituent elements of hostile assertion of right of passage, mere continued use was not sufficient to sustain a verdict for appellee. Under the facts here presented, appellee committed a trespass in tearing down the fences erected by appellants. On the case made, appellants were at least entitled to recover actual damages.

*Reversed and remanded.*