CITY OF COLUMBUS v. PAYNE et al.

(Division B. Oct. 28, 1929. Suggestion of Error Overruled Nov. 25, 1929.)

[124 So. 269. No. 27991.]

**Frierson & Weaver**, of Columbus, for appellant.

**Stribling & Fraker**, of Columbus, for appellee.

**Griffith, J.,** delivered the opinion of the court.

A thoroughfare, whether it be a road or a street or an alley, in order to be considered in law as a public way so as to charge the local authorities with the duty of maintenance, must have been accepted as such by the legally constituted authorities of or for the political subdivision of the state sought, in the particular case, to be charged with neglect. Acceptance may be formal or it may be implied, but it is settled in our state that mere user by the public, without more, is not sufficient to constitute an implied acceptance. And in the case at bar user, in a limited way, by members of the public is the utmost extent of the evidence, save that it is shown that far back in the recesses of the so-called alley the city has maintained an electric light, and that at regular intervals the city employees have entered therein on foot to remove garbage. But these are functions that are to be

ascribed to the duties of police and of public health, not to that of maintenance of public ways.

The case, therefore, is controlled by Gulf & S. I. R. Co. v. Adkinson, 117 Miss. 118, 131, 77 So. 954, 955, wherein the court said: ''A highway is a road or way upon which all persons have the right to travel at pleasure. It is the right of all persons to travel upon a road, and not merely their traveling upon it, that makes it a public road or highway. This right may be acquired in various ways, one of which is by prescription; but in order for it to be so acquired, the road must be habitually used by the public in general for a period of ten years; and such user must be accompanied by evidence, other than mere travel thereon, of a claim by the public of a right so to do. The only evidence of such claim here is that the road was formerly worked by the public road hands of that vicinity, but when, for how long a period, and by what authority, does not appear, so that it is of no value. For aught that appears to the contrary, the travel over the road is by the sufferance or permission of the owner of the land over which it passes''—citing Warren County v. Mastronardi, 76 Miss. 273, 24 So. 199; Burnley v. Mullins, 86 Miss. 441, 38 So. 635; Wills v. Reed, 86 Miss. 446, 38 So. 793.

Upon the record before us, the motion for a peremptory instruction in behalf of the city should have been sustained.

Reversed and remanded.