McINTYRE *et al. v.* HARVEY *et al.*

(Division A. June 2, 1930.)

[128 So. 572. No. 28587.]

Price & Price, of Magnolia, and Price, Price & McLain, and Forrest B. Jackson, all of McComb, for appellant.

18

W. B. Mixon, E. G. Williams, and J. J. Cassidy, all of McComb, for appellees.

Argued orally by **Forrest B. Jackson**, for appellant, and **W. B. Mixon** and **Justin J. Cassidy**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

A. H. Harvey and wife, Mrs. Connie Harvey, M. P. Wichman and wife, Mrs. Kathleen Wichman, Mrs. Sarah Harper Livingston, and Mrs. Rachel Harper Womack filed a bill against Mrs. Lola A. McIntyre, her husband James McIntyre, Boyd Simmons and wife, Mrs. Mae

Harrell Simmons, and Jeff D. Harrell to procure the opening and removal of obstruction placed in an alleyway claimed by the complainants as an easement for the use of their lots abutting on the said so-called alley. This alley or passageway was in Square B of McComb City, Mississippi, and ran north and south approximately two hundred feet from Fifth avenue, but did not go through the lot. The entire litigation grew out of the use and occupancy of this blind alley.

Prior to 1873 the Mississippi Valley Company was the owner of practically all the property in the city of McComb, Mississippi, and was owner of all the property in Square B in said city, and was the common source of title of all the parties involved in the litigation. The pleading set forth the title of the respective parties to the litigation, and there is no need to set it out in this opinion.

It appears that this alley, as it exists, is not on a direct line north and south, but slightly diverges from a direct line, and a portion of the alley is almost entirely on the property of Mrs. McIntyre as she claims her property to be. At the other end it passes across the true north and south line and enters upon the property of Harrell as claimed by him. It also appears that this alley or passageway was used by the property owners along the east side of the alley practically from the laying out of the city of McComb until shortly before the institution of this suit. The property occupied by Harrell formerly had no residences upon it, but for many years there had been a residence on the west side. After Harrell came into possession of the property, he claimed to be the owner of the alley, at least at its remote part from the street, and he claimed the land upon which it existed and made verbal remonstrances with other parties using it, including the complainants. However, the record shows that for many years prior to the time Harrell bought his property the alley had been used under claim of right by the abutting property owners on the east side of this

alley. When Harrell remonstrated with the people who were using it, they claimed a right to use it and ignored the remonstrances. At one time Harrell placed an obstruction in this passageway, but seems to have removed it the following day or within a very short period of time. Shortly before the beginning of the suit, however, he placed posts in the central part of the alley so as to obstruct travel therein, which resulted in the bringing of this suit. The chancellor found the right to the alley had become fixed by use under claim of right and affirmed the complainants' right thereto. He ordered · the obstruction, including a coal house or garage of one of the parties which encroached thereon to a certain extent, to be moved back to the property line of the owners.

It is insisted that the verbal remonstrances of Harrell were such as to prevent the statute running in favor of the complainants, the appellants relying upon Partnell v. Bidwell, 115 Me. 227, 98 A. 743, 5 A. L. R. 1320, and authorities holding in accordance with the doctrine of that opinion as shown by case note appended thereto beginning at page 1325 of 5 A. L. R. These cases appear to hold that to acquire an easement by prescription the owner must know of and acquiesce in the adverse claim, or the use must be so open, notorious, visible, and uninterrupted that knowledge and acquiescence will be presumed. Some of the authorities seem to hold that where the right is based upon acquiescence for a long period of time, the acquiescence will be negatived by remonstrances and protests against the use of the property. There also appears to be in addition to the acquiescence a method of acquiring it by prescription under claim of right by adverse users. We think the majority of the courts and the sounder reason hold that there must be something more than a protest to interrupt the running of a claim of right followed by actual users; there must be at least an interruption of the use of the way claimed as a right by the opposing person who opposes such

claim. Where another is asserting a claim of right and using a passageway under such claim, a party must do something more than merely verbally protest; there must be a physical interruption or a court proceeding or some unequivocable act of ownership which interrupts the exercise of the right claimed and being used by the opposite parties.

We think the law in this state as applied to the case before us is announced in Jenkins v. McQuaid, 153 Miss. 185, 120 So. 814. There is a distinction pointed out in this case between an easement acquired for and on behalf of the public known as a public easement and that of private user known as private easement. In the case of public easement there must be some act on behalf of the public evidenced by proper action by those representing the public, in order to obtain it. In other words, there must be an act on the part of the public body representing the public evidencing an intention to use and claim the right, but an individual may acquire an easement by way of adverse user, separate and apart from the public, although at the same time the individual is using the way other persons or the general public uses the same. It is not necessary for a private way to be acquired that the user shall be exclusive. The same holding was stated in the case of Board of Trustees of the University of Mississippi v. Gotten, 119 Miss. 246, 80 So. 522.

It is argued that the complainants did not own the property sufficiently long at the time to claim the alley by adverse user. The proof, however, shows that the former owners of the lots in question had used the alley under claim of right for a much longer period of time than the ten-year statute and that their right over the alley as an easement and passageway had become complete and vested as one for the use of the property which it abutted. It is true that a party cannot resort to the doctrine of tacking one's property to that of his predecessors whether neither possession is sufficient to acquire

by prescription and user the right to the alley. It might be perfectly agreeable for a landowner to permit the person to use the property for a long period of time, whereas he would not permit another party to so use it for fear that claim would be set up of the right which the one would claim and the other would not claim, but if the owner of a lot under claim of right by adverse user has established title thereto as a part of his estate as abutting property, such right will pass to his vendee with a conveyance of the abutting property.

We have carefully considered the evidence and think the chancellor was justified in his finding, and the decree will be affirmed on both direct and cross-appeal.

Affirmed.

### On Suggestion of Error.

**Ethridge, P. J.,** delivered the opinion of the court on suggestion of error.

On consideration of the suggestion of error, we think that it should be partially sustained, and it will be sustained to the extent that the cause will be remanded for the chancellor to establish by proper proceedings the true boundaries of the alleway as it had existed when laid out.

We think that in some respects the decree does not conform to the original alley laid out and used for the statutory period of time. The principles announced in the original opinion are adhered to.

Sustained in part, and cause remanded.