ALBRIGHT, et al. *v.* BAKER.

Feb. 4, 1952.

No. 38217 (56 So. (2d) 703)

B. F. Worsham, for appellants.

Stovall & Smith, for appellee.

**Lee, J.**

Mrs. Alice B. Baker filed her bill of complaint against Charles, Grady and John Albright to enjoin their use, as a roadway, of a twenty-foot strip of land, as described in the bill. Their answer and cross-bill denied that she owned the strip, averred that it had been dedicated as a public street, and that they were entitled to use it. At the conclusion of all the evidence, the learned chancellor resolved the issues of fact in favor of Mrs. Baker and granted the prayer of her bill. The Albrights appealed.

The issue before the court was the ownership of the strip of land, that is, whether it was owned by Mrs. Baker, or whether it was a public roadway.

The parties own land in what was originally designated as Block 1, Lee Highway Subdivision of the City of Corinth, Mississippi. Mrs. Baker's lot is 130 feet east and west, and extends the entire depth of the block, 320 feet, north and south. It abuts on Proper Street to the city. The Albright property is irregular in shape. It is in the north part of three lots, which also abut on Proper Street. Its west boundary coincides with the east boundary of the Baker lot along the north 171.41 feet thereof. Its northern boundary is an extension of the northern boundary of the Baker lot, and the property, on the north, is 195 feet wide. The entire block was originally owned by W. H. Berkheiser, the father of Mrs. Baker, and she acquired her interest by inheritance in 1938. The Albrights acquired their property through mesne conveyances, by deeds dated July 22, 1942, and October 31, 1946.

The land north of Block 1 was owned by W. B. Wilson, who had permitted Berkheiser to use a strip twenty feet wide and abutting on the north line of said Block 1, for access to his mill, which was situated east of said block. On March 10, 1932, Mrs. Mattie A. Wilson, the widow of W. B. Wilson, conveyed this land to Dave Durbin. The following exception appears therein: "There is an easement retained over and along twenty (20) feet on the south side of the above described property for use to W. H. Berkheiser." Berkheiser died in February 1938; and thereafter, on October 12, 1942, Dave Durbin conveyed this land, without exceptions, to Mrs. Baker.

Obviously Mrs. Baker became the owner of this strip of land, unless it had theretofore been dedicated to public use, or unless the public had acquired the right to use it for public purposes.

The recorded map or plat of the subdivision contained no provision for a street or road along the north boundary of Block 1. There was no dedication. The proof further showed that the county, before this property was taken into the city limits, exercised no jurisdiction whatever over this strip; and that the city, after the inclusion of this property within the corporate limits, neither maintained it as a street, nor exercised jurisdiction of any kind over it. It seems clear, beyond cavil, that this strip was not a public way. Armstrong v. Itawamba County, 195 Miss. 802, 16 So. (2d) 752; Board of Trustees of University of Mississippi v. Gotten, 119 Miss. 246, 80 So. 522; Jenkins v. McQuaid, 153 Miss. 185, 120 So. 814; McIntyre v. Harvey, 158 Miss. 16, 128 So. 572, 130 So. 5.

Berkheiser had no writing to evidence his easement over this strip of land. The exception in his behalf, in the deed from Mrs. Wilson to Durbin, was personal to him, and did not inure to the benefit of property owners in said Block 1. It was treated by the parties as purely personal, when, after Berkheiser's death in 1938, Durbin conveyed all of the land to Mrs. Baker without exceptions.

The proof for the appellee was to the effect that the strip of land in question was a mere private road, over which lumber and shavings were hauled. It was an alley in a lumberyard which "came to a dead end." At times, it was completely closed by piles of lumber. It was used only by people having business with Mrs. Baker and her father. Nobody who might have the occasion to use the passageway lived in the area, except the father of the appellants, and he did not acquire his property until 1942 and 1946. Appellee offered the use of the passageway at her sufferance, but declined to sit by and let appellants acquire a right-of-way by prescription. Therefore, she filed her bill on February 14, 1950.

By their proof, appellants sought to show that their father had lived on a part of this property as a tenant, and that he used the passageway, at times, until his death; and that the house was originally built by him, and was added to after they came out of the army. Several witnesses were of the opinion that appellants' father first began to live on the land in "1939 or 1940." But they were uncertain about the exact date. In other words, it could have been either in 1939 or 1940; and if he began his residence after February 14, 1940, the suit, at all events, was brought within ten years.

Against the contention of the appellants, the positive proof by appellee was that nobody used this strip except by permission, until the last few years, when appellants ignored Mrs. Baker's protest. Moreover, the father of appellants obtained no deed to any of this property until 1942. The great weight of the evidence sustains the finding of the chancellor that the appellants and their father had not used this roadway continuously and adversely for ten years or more, and that they have not acquired the right to use the same.

Since the evidence was ample to sustain the finding of the chancellor, it follows that the decree of the lower court ought to be, and is, affirmed.

Affirmed.

**Alexander, Hall, Kyle** and **Arrington, JJ.,** concur.