McCAIN, et al. *v.* TURNAGE, et al.

No. 41332          January 25, 1960          117 So. 2d 454

*Sebe Dale, Jr.*, Columbia, for appellants.

*Vernon H. Broom, Roy J. Goss,* Columbia, for appellees.

GILLESPIE, J.

Appellants, complainants below, sought a decree adjudicating their right to a prescriptive easement across the defendants' land and injunctive relief. The case was heard on bill, answer, and evidence, resulting in the dismissal of the bill. Complainants appeal.

Appellants own and live on lands lying one-half mile south of the Summit public road which runs east and west. The evidence showed without dispute that since some point in time anterior to the memory of aged citizens of the community, or more than fifty years ago, there has been a roadway extending from the lands of appellants across lands belonging to persons not parties to this suit, thence across appellees' twenty-acre tract to

the Summit public road. The road, the right to whose use across appellees' land is the subject of this case, has been used by appellants and their predecessors in title, and by other persons and members of the public who had business in the neighborhood, openly, visibly, continuously, and without permission of appellees or their predecessors in title, and without molestation, for more than fifty years. Aged inhabitants of the community do not remember when the road was first used or the circumstances surrounding its original use. Although it has at times been graded by the county authorities, and the public has to some extent used it, the road was not shown to be a public road. It has remained in substantially the same location.

Appellees argue that at most appellants have shown only a permissive use of the roadway in question. If there is any validity to this argument, it necessarily must arise from the fact that the circumstances of the original use of the roadway is unknown. Elderly inhabitants of the community testified without dispute that it existed and was in use at their earliest memory. The use of the road for the past fifty years was as already stated. William E. Turnage, the owner of the twenty acres, the easement across which is in dispute, purchased the land eight years before this suit was filed, and he admitted that the roadway in question has existed as far back as he can remember and was travelled and used without restriction coming from appellants' property. He is 48 years old. The obstruction of the roadway by William E. Turnage resulted in this suit.

We hold that where, as in the present case, a use of the lands of another for roadway purposes has been open, visible, continuous, and unmolested since some point in time anterior to the memory of aged inhabitants of the community, such use will be presumed to have originated adversely. This is in accord with the prevailing view. 17 Am. Jur., Easements, Sec. 73. Cf. Jenkins v. McQuaid, 153 Miss. 185, 120 So. 814; Flanagan v. Bran-

ton, 224 Miss. 214, 79 So. 2d 823. Any other rule than the one just stated would be calculated to stir up dissension between neighbors and disturb the repose of communities.

It is suggested in appellees' brief that it was necessary for appellants to show an exclusive use of the road in order to acquire the easement; that the chancellor correctly dismissed the bill because the proof showed other individuals and the public also used the roadway in question. This is not the law in this State.

This Court said in Jenkins v. McQuaid, 153 Miss. 185, 120 So. 814, that, "It is therefore not necessary for the use of the alley by Jenkins to have been exclusive of all other persons; others, also, may have used it as a means of ingress and egress to their property." And in McIntyre v. Harvey, 158 Miss. 16, 128 So. 572, the Court said: ". . . An individual may acquire an easement by way of adverse user, separate and apart from the public, although at the same time the individual is using the way other persons or the general public uses the same."

Appellees request that if the decree below is reversed by this Court, the appellees should be protected in reference to cattle gaps which have been maintained across the roadway. Appellants appear not to have any objection to this request. The chancellor did not pass on this aspect of the case, it not being necessary in view of his dismissal of the bill. Nor is the record sufficiently clear to enable this Court to fashion a decree in regard to the cattle gaps.

It appearing that the lower court incorrectly applied the law to the facts established by the record, the decree is reversed. On remand, the lower court will enter a decree adjudicating appellants' right to an easement across the lands of appellees for roadway purposes, and granting injunctive relief, as prayed for in the original bill. Said decree shall make appropriate provisions for the maintenance of cattle gaps to contain appellees' livestock, and if necessary additional proof may be received

in this regard.   See Lindsey v. Shaw, 210 Miss. 333, 49 So. 2d 580.

Reversed, rendered, and remanded with directions.

*Roberds, P. J.,* and *Hall, Arrington* and *Ethridge, JJ.,* concur.