ON PETITION FOR REHEARING
PITTMAN, Justice,
dissenting:
This writer will not repeat the facts of the instant case as set out by the majority opinion, but recognizes those facts as succinctly and appropriately stated. This dissent is filed primarily to note that this Court does not or should not try the title to the subject lands in the case at hand. The quitclaim deed conveying the so-called “private street” by J.B. McGehee to the Suman Corporation did not create any rights in the abutting landowners to use the property. The quitclaim deed at most put Suman on notice that abutting landowners may have a right to use the street which was not revealed in the land records. In fact, in the court below the parties stipulated that no recorded instrument created an easement for ingress or egress over Office Plaza Drive in favor of the owners of the Warren property. Since all parties agree that Warren had no “recorded” right to use the street, this Court would have to look for some other source for Warren to use Su-man’s property. The source is not the quitclaim deed from McGehee to Suman; there is no easement of record; the lower court held that Suman owns Office Plaza Drive and according to the majority opinion “apparently rejected the implied dedication argument”; there is no prescriptive easement; and there is no easement granted to Warren by necessity. We are left with the question where does Warren get a “right” to use the so-called “private” street. Warren’s rights have no basis in law. The ruling of the lower court and now this Court puts Suman in the position of having to maintain property titled to Suman for Warren’s use as that property is now laid out and constructed. The majority errs by finding a legal right for Warren to use the street without any legal basis to support the right.
This Court in Dethlefs v. Beau Maison Development Corp., 511 So.2d 112, 117 (Miss.1987), wrote, “use by express or implied permission or license, no matter how long continued, cannot ripen into an easement by prescription, since adverse use, as distinguished from permissive use, is lacking.” Office Plaza Drive is not a public street because the City of Jackson refused to accept a dedication of the said street, and this Court held in City of Columbus v. Payne, 155 Miss. 170, 124 So. 269 (1929), that, “i[t] is settled in our state that mere user by the public, without more, is not sufficient to constitute an implied acceptance” of dedication of a street. Here it ought to be pointed out that according to *1129 the record Suman pays city and county taxes as well as liability insurance on Office Plaza Drive, and cleans and maintains the street. The City of Jackson performs no maintenance on the street, and it might be noted that Suman has no ability to assess the users of the street for the cost of maintenance and upkeep or insurance in regard to the so-called private street. The before-described attributes of the so-called private street when applied to this Court’s reasoning in Albright v. Baker, 56 So.2d 703 (1952), clearly points up the fact that this strip is not a public way.
The court below and the majority are correct in finding that Suman owns the street; however, they are incorrect in granting Warren a perpetual right to use the street. This writer points out that this holding flies in the face of the laws of this State because nowhere of record or by implication or necessity does Warren gain a legal right to have Office Plaza Drive opened and maintained for his convenience.
HAWKINS, P.J., and SULLIVAN, J., join this opinion.