# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01677-COA

DARYL WATTS                                                                APPELLANT

v.

EARL JACKSON JR.                                                            APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/19/2017 |
| TRIAL JUDGE: | HON. JOHNNY LEE WILLIAMS |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JOSEPH PAUL PARKER |
| ATTORNEY FOR APPELLEE: | WILLIAM L. DUCKER |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND RENDERED - 03/19/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

WESTBROOKS, J., FOR THE COURT:

¶1. Daryl Watts asserts that the Lamar County Chancery Court erred in granting Earl Jackson Jr. a right of way across Daryl's family's land because Jackson did not meet the statutory burden to receive a prescriptive easement. We agree that all six required elements were not affirmatively proven. Accordingly, we reverse and render a judgment in favor of Watts.

## FACTS AND PROCEDURAL HISTORY

¶2. In May 2016, Jackson filed a petition for a mandatory injunction and damages. Jackson asserted that Daryl was preventing him from accessing his property located behind the Watts property. Jackson had previously been accessing his property by a private road

owned and maintained by the Wattses. After Roscoe and Teresa Watts passed, in settling Teresa's estate, their children decided to limit use of the private road to family only. To prevent Jackson from using the private road, Daryl installed a lock on the gate. The Lamar County Chancery Court entered a temporary restraining order against Daryl, ordering Daryl to open the gate and to stop obstructing Jackson's use of the right of way until a hearing on the merits could be held.

¶3.　In June 2017, after a hearing on the merits, the chancery court ordered that the temporary injunction become permanent and awarded Jackson attorney's fees in the amount of $1,500.

¶4.　Aggrieved, Daryl appealed. On appeal, Daryl argues that the chancery court erred in granting Jackson a prescriptive easement and erred in awarding attorney's fees. We agree.

## STANDARD OF REVIEW

¶5.　"A chancellor's findings of fact will not be disturbed unless manifestly wrong or clearly erroneous." *Paw Paw Island Land Co. v. Issaquena & Warren Ctys. Land Co. LLC*, 51 So. 3d 916, 923 (¶26) (Miss. 2010) (internal quotation marks omitted). "However, the Court will not hesitate to reverse if it finds the chancellor's decision is manifestly wrong, or that the court applied an erroneous legal standard." *Id.* "A chancellor's conclusions of law are reviewed de novo." *Id.*

## DISCUSSION

### I.　Prescriptive Easement

2

¶6. "The standard and burden of proof to establish a prescriptive easement is the same as a claim of adverse possession of land." *Mayton v. Oliver*, 247 So. 3d 312, 322 (¶32) (Miss. Ct. App. 2017). "To acquire property by adverse possession or by prescriptive easement the claimant must show that the possession was: (1) open, notorious, and visible; (2) hostile; (3) under claim of ownership; (4) exclusive; (5) peaceful; and (6) continuous and uninterrupted for ten years." *Biddix v. McConnell*, 911 So. 2d 468, 475 (¶18) (Miss. 2005). "These elements must be proven by clear and convincing evidence." *Mayton*, 247 So. 3d at 322 (¶32). "Clear and convincing evidence is such a high standard of proof that even the overwhelming weight of the evidence does not rise to the same level." *Id.*

¶7. In the present case, the chancery court ruled in Jackson's favor. The court further found that the original easement granted to Jackson through his warranty deed was not a drivable right of way and that Jackson had obtained a prescriptive easement through his usage of the driveway in the last seventeen years.

¶8. The Mississippi Supreme Court has held that all six elements must be proven for a prescriptive easement to be valid. *See Sharp v. White*, 749 So. 2d 41, 43 (¶9) (Miss. 1999). In its order, the chancery court does not break down the elements required, and this Court has held that when "the chancellor did not state any specific findings of fact concerning these six elements . . . we will proceed on the assumption that he resolved all such fact issues in favor of the appellee." *Rawls v. Blakeney*, 831 So. 2d 1205, 1207 (¶8) (Miss. Ct. App. 2002). Similarly, we proceed on the assumption that all the fact issues were found in favor of

3

Jackson, the appellee.

### A. Open, Notorious, and Visible

¶9. The supreme court has held that "it is not necessary, in order to establish an easement by prescription, that the way has been in constant use, day and night, but it may be established by such use as business or pleasure may require." *Threlkeld v. Sisk*, 992 So. 2d 1232, 1238 (¶17) (Miss. Ct. App. 2008) (quoting *Browder v. Graham*, 204 Miss. 773, 780 (1948)). First off, neither party disputes that Jackson openly used the right of way. Moreover, Jackson did not use the land as his private residence. Jackson ran cattle on the land and used it for other farming operations; therefore, he did not need to use it constantly but just as much as his business required. Accordingly, we do not take issue with the evidence proving this element.

### B. Hostile

¶10. "Hostile use is use that is inconsistent with the title of the servient-estate owner." *Threlkeld*, 992 So. 2d at 1239 (¶18). "Use of property that is permissive prevents a prescriptive easement from forming." *Id.* "Use by express or implied permission or license, no matter how long continued, cannot ripen into an easement by prescription, since adverse use, as distinguished from permissive use, is lacking." *Id.* (internal quotation marks omitted). Here, Daryl argues that Jackson cannot be granted a prescriptive easement because his claim fails on the "hostile" element because he was given permission to use the right of way until 2016. Jackson maintains that he was instructed to discontinue his use of the land in 2001 but

4

did so anyway until the gate was locked in 2016. However, the record reflects that Daryl testified that he gave Jackson a key to the lock despite Teresa's initial doubts about doing so. While it is up to the chancery court to weigh the evidence before it, we do not find that it weighs in favor of Jackson. We do find that Daryl clearly proved that he gave Jackson permission to use the right of way, negating the hostile element required.

### C.     Under the Claim of Ownership

¶11.    "One claiming a prescriptive easement need not claim to own the land itself, but he or she must claim to own an easement." *Id.* at 1239 (¶21) (quoting *Delancey v. Mallette*, 912 So. 2d 483, 488 (¶16) (Miss. Ct. App. 2005)). Jackson asserts that he had the authority to use the right of way because of his continued usage. But, we find he was using it with permission of the true owners and not due to any rights gained under an easement. Therefore, Jackson did not prove this required element.

### D.     Exclusive

¶12.    "For a prescriptive easement, 'exclusive' does not mean that no one else used the road, but that 'the use was consistent with an exclusive claim to the right to use.'" *Threlkeld*, 992 So. 2d at 1239-40 (¶22) (quoting *Moran v. Sims*, 873 So. 2d 1067, 1069 (¶10) (Miss. Ct. App. 2004)). Moreover, "[w]e conclude that the distinction to be made when using the term exclusive as it relates to a prescriptive easement does not mean to keep all others out, but to show a right to use the land above other members of the general public." *Keener Properties L.L.C. v. Wilson*, 912 So. 2d 954, 957 (¶8) (Miss. 2005) (internal quotation marks omitted).

5

Here, Jackson was aware that not only he and the Watts family were using the right of way but that the Weyerhaeuser Timber Company was using the driveway as well. We find that Jackson did not prove this element as it was not of the exclusive nature required.

### E. Peaceful

¶13. "'Peaceful' is defined as 'marked by, conducive to, or enjoying peace, quiet, or calm.'" *Biddix v. McConnell*, 911 So. 2d 468, 477 (¶25) (Miss. 2005) (quoting Webster's Third International Dictionary 1160 (1986)). Neither party contends that Jackson's use of the right of way was not peaceful.

### F. Continuous and Uninterrupted for Ten Years

¶14. "A prescriptive easement vests when the adverse use has been continuous and uninterrupted for a period of ten years." *Threlkeld*, 992 So. 2d at 1240 (¶24) (quoting *Delancey*, 912 So. 2d at 489 (¶18)). Although Jackson asserts that he used the right of way for over seventeen years, we do not find that he did so in line with the other elements required. We do not dispute that he used the easement for seventeen years. But, we do not find he did so in a hostile or exclusive manner.

¶15. Accordingly, Jackson has not met the requirements to establish a prescriptive easement because he did not establish by clear and convincing evidence each of the required elements. Jackson failed to prove the elements of hostile use, claim of ownership, and exclusive use. Likewise, we find that the chancery court manifestly erred as there was not substantial evidence to support each element.

## II.    Attorney's Fees

¶16.    Because we find that chancery court's decision to grant the prescriptive easement to Jackson was reversible error, we also reverse and render on the award of attorney's fees to Jackson, which is Daryl's request for relief on appeal.  *Cf.*  1 Jeffrey Jackson, Mary Miller & Donald Campbell, *Encyclopedia of Mississippi Law* § 8:2, at 309 (2d ed. 2015) (collecting cases discussing the "American Rule" regarding attorney's fees that explain even a *prevailing* party usually does not receive an award of attorney's fees).

## CONCLUSION

¶17.    Because Jackson failed to prove the six required elements, we find that the chancery court erred in granting Jackson a prescriptive easement.  Therefore, we reverse the chancery court's grant of Jackson's prescriptive easement and award of attorney's fees and render a judgment in favor of Watts.

¶18.    **REVERSED AND RENDERED.**

**CARLTON, P.J., GREENLEE, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.  J. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.  BARNES, C.J., AND TINDELL, J., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**